### In re NEWMAN.

(Circuit Court, N. D. California. March 15, 1897.)

1. RIGHT OF APPEAL TO SUPREME COURT.

   Where, upon an application in the circuit court for a writ of habeas corpus, the only question arising under a treaty was as to whether the petitioner was seeking an asylum in the United States, and no question arose as to the construction or validity of the treaty, or as to the jurisdiction of the circuit court, the petitioner was not entitled, under Act March 3, 1891, § 5, to an appeal to the supreme court of the United States.

2. SAME—BOND FOR COSTS.

   The circuit court has no authority to grant an appeal to the supreme court of the United States without requiring bond for costs.

Alfred L. Black, for petitioner.

H. S. Foote, U. S. Atty., and Denis Donohoe, Jr., opposed.

MORROW, District Judge. In the matter of John Newman, alias Butler. Application for an appeal to the supreme court of the United States. The writ of habeas corpus in this case having been discharged, the petitioner applies for an appeal to the supreme court of the United States, under section 5 of the act of March 3, 1891, providing for circuit courts of appeal. This section provides:

"That appeals or writs of error may be taken from the district courts, or from the existing circuit courts, direct to the supreme court in the following cases: In any case in which the jurisdiction of the court is in issue; in such case the question of jurisdiction alone shall be certified for decision. * * * In any case in which the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority is drawn in question."

I do not understand from the application for an appeal or the assignment of errors in this case that the proposed appeal involves any question concerning the jurisdiction of the circuit court in

which the application for writ of habeas corpus was heard. Nor do I find from the assignment of errors that the question involves the validity or construction of any treaty made under the authority of the constitution of the United States. By article 10 of the treaty of 1842 between this country and Great Britain, it was provided that, upon mutual requisitions, all persons should be delivered up to justice "who, being charged with the crime of murder or assault with intent to commit murder, or piracy, or arson, or robbery, or forgery, or the utterance of forged paper, committed within the jurisdiction of either shall seek an asylum or shall be found within the territories of the other." Section 5270 of the Revised Statutes provides for the apprehension of any person found within the limits of any state, district, or territory, charged with having committed within the jurisdiction of any such foreign government any of the crimes provided for by treaty or convention. The proposed appeal and assignment of errors raise the question whether Newman was seeking an asylum in the United States at the time of his arrest. The commissioner determined, as a question of fact, that he was seeking an asylum. Therefore the matter decided by the commissioner and by the circuit court was a question of fact, as to whether or not he was seeking an asylum. The commissioner found as a fact that Newman was seeking an asylum in this country. The circuit court, on the hearing of the writ of habeas corpus, found, not only that he was seeking an asylum in this country under the provision of the treaty, but also that he was found in the United States, under the provisions of section 5270 of the Revised Statutes. I do not understand that this application for a writ of error involves any one of the questions that entitle the petitioner to take an appeal to the supreme court of the United States.

He also asks for an appeal without bonds for costs. That is a matter that the court is not authorized to grant. I am not able to find any statute which permits this court to allow an appeal to the supreme court of the United States without giving bonds for costs.

The other application, that pending the appeal the petitioner be retained in the custody of the court, is not necessary to decide, in view of the fact that I must deny the application for an appeal in this case.